[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14704

Non-Argument Calendar

_____

PIERRE LOUIS ALCIMA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-168-888

_____

Before JILL PRYPR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Pierre Louis Alcima, *pro se*, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming without opinion the immigration judge's denial of his claims for asylum under the Immigration and Nationality Act ("INA") § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A), withholding of removal under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). We granted the government's motion for summary denial of Alcima's petition as to his claims for withholding of removal and CAT relief but denied its motion as to his asylum claim. He argues that the agency's decision that he was ineligible for asylum because he was firmly resettled in another country before arriving in the United States was not supported by substantial evidence, as the record showed that he did not intend to resettle in Brazil.

When the BIA summarily affirms the immigration judge's decision with opinion, the immigration judge's decision becomes the final removal order subject to review. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). We review the immigration judge's factual findings under the substantial evidence test. *Id.* Under the "highly deferential substantial evidence test," we must affirm the agency's decision if it is "supported by reason-

able, substantial, and probative evidence on the record considered as a whole." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (*en banc*) (quotation marks omitted). The substantial evidence test requires us to "review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (quotation marks omitted). Accordingly, a finding of fact will be reversed only when the record "compels" it, not merely because the record may support a contrary conclusion. *Id.* (quotation marks omitted).

An applicant for asylum must meet the INA's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines a refugee as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To meet the definition of a refugee, the applicant must, "with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at 1257 (quotation marks omitted). Where an applicant demonstrates

past persecution, a rebuttable presumption that he has a well-founded fear of future persecution applies. *Id.* If the petitioner cannot show past persecution, he must show "a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." *Id.*

An applicant is not eligible for asylum if he or she was "firmly resettled in another country prior to arriving in the United States." INA § 208(b)(2)(A)(vi), 8 U.S.C. § 1158(b)(2)(A)(vi). At the time of the IJ's denial of Alcima's application for asylum, "firm resettlement" was defined as follows: "An alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement . . . ." 8 C.F.R. § 1208.15 (effective until Jan. 11, 2021). At the time, an applicant was not considered firmly resettled if he or she establishes that "his or her entry into that country was a necessary consequence of his or her flight from persecution, . . . he or she remained in that country only as long as was necessary to arrange onward travel, and . . . he or she did not establish significant ties in that country." *Id.* § 1208.15(a). Alternatively, an alien is not considered firmly resettled despite an "offer of permanent residence" if the conditions of residence "were so substantially and consciously restricted by the authority of the country of refuge that he or she was not in fact resettled." *Id.* § 1208.15(b). The agency bears the burden of showing that an applicant is firmly resettled in another

country, and the applicant bears the burden to rebut the agency's evidence or show that an exception under subsections (a) or (b) applies. *Matter of A-G-G-*, 25 I. & N. Dec. 486, 501–03 (BIA 2011).

Here, substantial evidence supports the finding that Alcima was ineligible for asylum because he had firmly resettled in Brazil, as the record shows that his residency in Brazil was not substantially and consciously restricted, he did not stop in Brazil as a necessary consequence of his flight from persecution, and he stayed there longer than was necessary to arrange travel to the United States.

**PETITION DENIED.**